IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

REGGIE ELLIOTT AND BRENDA
EJIMOFOR AS CO-ADMINISTRATOR
AND CO-ADMINISTRATRIX OF THE
ESTATE OF JOE ELLIOTT, DECEASED;
ORLANDO ELLIOTT AND FRANKIE
MITCHELL AS CO-GUARDIANS OF
OLANDREA ELLIOTT, A MINOR;
MICHEAL ELLIOTT; and ALMA ELLIOTT                           PLAINTIFFS

VS.                                          CIVIL ACTION NO. 3:10-CV-01-GHD-JAD

CITY OF HOLLY SPRINGS; EL PASO
CORPORATION; TENNESSEE GAS
PIPELINE; TRI-STATE METER AND
REGULATOR SERVICE, INC; AND
JOHN DOES 1-25                                              DEFENDANTS

OPINION GRANTING MOTION TO REMAND

Presently before the Court is Plaintiffs', Reggie Elliott and Brenda Ejimofor as Co-Administrator and Co-Administratrix of the Estate of Joe Elliott, Deceased; Orlando Elliott and Frankie Mitchell as Co-Guardians of Olandrea Elliott, a Minor; Micheal Elliott; and Alma Elliott, Motion to Remand. After reviewing the motion, response, reply, rules, and authorities, the Court makes the following findings:

*A. Factual and Procedural Background*

On October 14, 2008, Plaintiffs filed the instant action in the Circuit Court of Marshall County, Mississippi, against the City of Holly Springs ("Holly Springs"), El Paso Corporation ("El Paso") and John Does 1-25 seeking damages for injuries they or their decedent sustained as the result of a natural gas explosion which occurred at 372 Cuba Street in Holly Springs, Mississippi on April 3, 2008. On or about April 2, 2009, Plaintiffs filed their First Amended

Complaint which asserted several additional causes of action against said Defendants. However, none of the Defendants sought to remove the action at that time.

On November 10, 2009, Plaintiffs filed their Motion for Leave to file their Second Amended Complaint. Circuit Judge Andrew Howorth entered an order on December 1, 2009, allowing the amendment. On December 2, 2009, Plaintiffs mailed their Second Amended Complaint to the Circuit Clerk of Marshall County, Mississippi for filing and to all counsel of record. Pursuant to Rule 5(a) of the Mississippi Rules of Civil Procedure, "[s]ervice by mail is complete upon mailing." The Second Amended Complaint added Tennessee Gas Pipeline Company (hereinafter "TGP") and Tri-State Meter and Regulator (hereinafter "Tri-State") as defendants. Thus, Defendants El Paso, TGP[1] and Holly Springs were served with Plaintiffs' Second Amended Complaint on December 2, 2009. However, the Second Amended Complaint was not filed until December 16, 2009. Defendant Tri-State accepted service of process on December 23, 2009.

Defendant Holly Springs submitted its answer to the Circuit Clerk of Marshall County on December 14, 2009. Defendants El Paso and TGP did not file an answer[2] but filed their Notice of Removal with this Court on December 30, 2009 instead. In their Notice, Defendants' ground for removal is that Plaintiffs added the specific Code of Federal Regulations citation, 49 CFR 192.625, in the Second Amended Complaint, as opposed to the general statement that Defendants "failed to comply with minimum standards provided by the Code of Federal Regulations and the Natural Gas Act of 1938" that was contained in both the original Complaint and the First Amended Complaint. On January 8, 2010, Defendant Holly Springs joined in El

---

[1] Defendant TGP is a subsidiary of Defendant El Paso and both companies are represented by the same counsel and therefore, for purposes of this motion, the Court will treat TGP as being served at the same time as El Paso.
[2] Defendants El Pas and TGP filed an Answer with this Court or January 25, 2010.

2

Paso and TGP's Notice of Removal and on January 19, 2010, Defendant Tri-State joined in the Notice.

On January 27, 2010, Plaintiffs filed the present motion to remand claiming that Defendants' removal was procedurally deficient or in the alternative, there is no federal question jurisdiction.

*B. Standard for Remand*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal jurisdiction exists where the civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

In addition, the Act provides that "[a]ny civil action of which the district courts of the have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

The notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading...." 28 U.S.C. § 1446(b). "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading...from which it may first be ascertained that the case is one which is or has become removable...." 28 U.S.C. § 1441(b).

3

After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L. Ed. 1214 (1941). The untimely filing of a notice of removal is a procedural defect which mandates remand of an action to state court. *Royal v. State Farm Fire and Cas. Co.*, 685 F.2d 124 (5th Cir. 1982); *See Shamrock Oil & Gas*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.3d. 1214 (1941).

Plaintiffs' first challenge to the Notice of Removal filed by Defendants El Paso and TGP is that none of the complaints assert federal law claims against any of the Defendants. The Fifth Circuit has likewise held that once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Defendants allege that Plaintiffs' addition of a specific CFR citation made the case removable pursuant to 28 U.S.C. § 1331 (action arising under the laws of the United States).

Plaintiffs' second challenge is based on a procedural defect pursuant to 28 U.S.C. §1447(c). The Fifth Circuit has found that the Defendants bear the burden of showing that the removal was proper. *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397 (5th Cir. 2000). Plaintiffs argue that Defendants El Paso and TGP did not timely file the Notice of Removal within thirty days of being served with the Second Amended Complaint. Defendants claim that the Second Amended Complaint made the action removable, Defendants filed their Notice of Removal within thirty days of being served and therefore, the Notice is not procedurally deficient.

Plaintiffs' final challenge is also based on a procedural deficiency pursuant to 28 U.S.C. §1447(c) which requires all defendants join in the Notice of Removal within the thirty day deadline. Plaintiffs allege that even if Defendants El Paso and TGP timely filed the Notice of Removal, Defendants Holly Springs and Tri-State failed to timely join the Notice.

For the reasons set forth below, the Court finds that the case should be remanded back to State court based on a defect in the removal procedure. The Defendants have failed to meet their burden of establishing that the notice of removal was timely and the Plaintiffs' motion to remand this cause shall therefore be granted.

## C. Discussion

### 1) Federal Question Jurisdiction

Defendants El Paso and TGP removed this action based on federal question jurisdiction under 28 U.S.C. § 1331 claiming that paragraph 18 of the Second Amended Complaint asserted violations of federal regulations due to the specific citation of 49 CFR 192.625.

Plaintiffs argue that all the claims asserts against Defendants are merely state law claims or causes of action and the CFR is only cited to define the applicable standard of care Defendants owed to Plaintiffs.

The Court is of the opinion that in order for Plaintiffs' to be successful on their claims, Plaintiffs must establish that Defendants violated sections of the CFR, the Natural Gas Act of 1938 and Department of Transportation guidelines, breaching the duties each imposes. The Court finds that Plaintiffs claims, though not stated as federal law claims, are based on federal law and therefore, it has subject matter jurisdiction over the present action.

5

### 2) Second Amended Complaint Did Not Trigger Removal

The notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading...." 28 U.S.C. § 1446(b). The second paragraph of 28 U.S.C. § 1446(b) provides that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable...

28 U.S.C. § 1446(b).

In their Notice of Removal, Defendants, El Paso and TGP claimed that in the Second Amended Complaint "[n]ot only were Tennessee Gas Pipeline Company and Tri State Meter and Regulator added as defendants, Plaintiffs also modified the allegations and causes of action against the existing defendants, to include the citation of a specific federal regulation by which El Paso Corporation, Tennessee Gas Pipeline Company and Tri State Meter and Regulator allegedly failed to abide." In its Notice, Defendants continued, "El Paso and Tennessee Gas Pipeline first ascertained that this case had become removable at the time of the filing of the Second Amended Complaint. Accordingly, this Notice of Removal is filed within thirty (30) days of gaining such knowledge."

The original Complaint was filed on October 14, 2008. In paragraphs twenty-one through twenty-three of the original Complaint, Plaintiffs claim Defendant Holly Springs failed "to comply with minimum standards provided by the Code of Federal Regulations and the Natural Gas Act of 1938." The First Amended Complaint noted that TGP is a subsidiary of Defendant El Paso but did not name TGP as a defendant. Paragraphs twenty-one through twenty-

three continued to allege that Defendant Holly Springs failed to comply with the CFR and the Natural Gas Act of 1938.

The Second Amended Complaint was actually filed on December 16, 2009.[3] The Second Amended Complaint added TGP and Tri-State as named Defendants. Additionally, in paragraph eighteen Plaintiffs allege that Defendants "El Paso and TGP are required by 49 CFR 192.625 to provide gas to their customer readily detectable by a person with a normal sense of smell." 49 CFR 192.625 is the codification of the Pipeline Safety Regulations of the Department of Transportation. Paragraph eighteen continues, El Paso and TGP are required under Department of Transportation regulations to take steps "to aid in the prevention of corrosion in its gas distribution lines" and "to provide...all information it has concerning the proper maintenance and inspection of its gas lines." Plaintiffs allege that El Paso and TGP breached their statutory duties pursuant to 49 CFR 192.625. Defendants El Paso and TGP claim that Plaintiffs' reliance on specific federal legislation and regulations in the Second Amended Complaint transformed this matter, pursuant to 28 U.S.C. §1331, into one "arising under the Constitution, laws, or treatises of the United States."

In addition, the Second Amended Complaint added claims for design defect, failure to warn, and intentional or negligent infliction of emotional distress against El Paso and asserted causes of action for negligence, negligence *per se*, *res ipsa loquitur*, strict liability, design defect, failure to warn, and intentional or negligent infliction of emotional distress against both TGP and Tri-State Meter.

Defendants El Paso and TGP assert the "revival exception" to overcome the thirty day removal deadline imposed by 28 U.S.C. § 1446(b). The "revival exception" to the thirty day

---

[3] The date upon which Defendants were actually served and when the time began to run with regard to filing a timely notice of removal is not relevant to the present discussion.

7

removal deadline recognizes that if a complaint is amended "so substantially as to alter the character of the action and constitute essentially a new lawsuit, an otherwise-elapsed right to removal may be revived." *Johnson v. Hueblein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000). Relying on *Hueblein Inc.*, Defendants argue that the Second Amended Complaint is fundamentally different from the other two complaints filed. In *Hueblein Inc.*, the plaintiff originally filed suit against a borrower to recover on promissory notes on an evaporator and against winery owners, who also claimed a security interest in the evaporator, for conversion. 227 F.3d 236, 238 (5th Cir. 2000). The borrowers confessed judgment and the lenders and borrowers then filed an amended complaint against the winery owners. Not only did the borrower, who was originally a defendant, become a plaintiff with the filing of the amended complaint, plaintiffs also asserted claims against the winery owners for breach of contract, bad faith breach of contract, unjust enrichment, and fraud, for the first time. *Id.* at 239. The Fifth Circuit found that the revival exception applied due to the fact the original complaint bared absolutely no resemblance to the amended complaint by exposing the winery owner defendants to "substantial compensatory and punitive damages, instead of only a questionable conversion claim." *Hueblein Inc.*, 227 F.3d at 242.

The *Hueblein, Inc.* case is easily distinguishable from the case *sub judice*. However, the Court is of the opinion under the *Hueblein Inc.* court's ruling, the question this Court must answer is whether the amendment so changed the character of the litigation as to make it substantially a new suit.

Defendants El Paso and TGP argue that "[t]he focus of the Second Amended Complaint as to El Paso and TGP centers around an alleged duty to inspect the City of Holly Springs' distribution system and warn ultimate users of natural gas of the possible dangers associated with

8

its use. Importantly, the overwhelming nature of the substantive changes directed toward El Paso give rise to the basis for the federal jurisdiction."

Plaintiffs' argue that their Second Amended Complaint in no way changed the essential nature of the litigation in that it asserted the same claims included in the original and first amended complaints but added a state law failure to warn claim against Holly Springs, El Paso and TGP, along with state law design defect and intentional or negligent infliction of emotional distress claims against El Paso and TGP. Accordingly, Plaintiffs argue none of the "new" claims asserted are premised on federal law. Further, Plaintiffs argue that the factual basis for Plaintiffs' claims and the relief sought remain the same.

The additional claims against Defendants El Paso, TGP and Tri-Sate which Defendants rely upon to invoke the "revival exception" are state law claims. Plaintiffs' additional claims of negligence *per se* asserted against Defendants El Paso and TGP are essentially word-for-word the negligence *per se* claim Plaintiffs asserted it their original Complaint against Defendant Holly Springs. Though the Second Amended Complaint cited a specific CFR section, Defendants were aware from the filing of the original Complaint that Plaintiffs would have to rely upon federal laws, regulations and guidelines to establish the essential elements of their claims. The Fifth Circuit held in *Huebling Inc*, the filing of an amended complaint will not revive the period for removal if the state court case previously was removable but the defendant failed to exercise its right to remove unless "the complaint [was] amended so substantially as to alter the character of the cause of action and constitute essentially a new lawsuit." *Hueblein Inc.*, 227 F.3d at 241-42 (5th Cir. 2000). In *Baych v. Douglass*, 227 F. Supp. 2d 620 (E.D. Tex. 2002), the district court failed to apply the revival exception finding that even though "DAI, Herrick, and Douglass were added as defendants, and new claims for fraud, civil conspiracy, and

violations of the Uniform Transfers Act were added in the amended petition, the core of the lawsuit still arises from an alleged breach of Baych's employment contract." 227 F. Supp. 2d 620, 623 (E.D. Tex. 2002).

Following the law of the Fifth Circuit, the Court finds that despite Plaintiffs' Second Amended Complaint added two defendants and stated additional claims, the core of the lawsuit still arises out of the same set of facts. Therefore, the Second Amended Complaint did not so change the nature of the action as to constitute a substantially new suit. As a result, Defendants' right to remove was not "revived" by the filing of Plaintiffs' Second Amended Complaint and Defendants El Paso and TGP's notice of removal is, therefore, untimely.

Additionally, Defendants argue that the addition of the two defendants, TGP and Tri-State, revived the right to remove. *See Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801, 805 (5th Cir. 2006). However, the Court is of the opinion that *Braud* is easily distinguishable and does not apply to the case *sub judice*. The Fifth Circuit in *Braud* addressed the issue of whether amending a complaint to add additional defendants after the passage the Class Action Fairness Act of 2005 (hereinafter "CAFA") constituted commencing a new action. The case *sub judice* does not involve a class action or a suit filed prior to the passage of the CAFA and amended after its passage. Therefore, the Court is of the opinion that Defendants' reliance on *Braud* is misplaced. Defendant TGP is a subsidiary of original Defendant El Paso. Tri-State provides the odorant for Holly Springs' natural gas supply. Consequently, the Court finds that the addition of TGP and Tri-State did not substantially alter the nature of the case as to revive Defendants right to remove and therefore, the notice of removal is untimely.

### 3) Untimely Removal

Though it is not necessary for the Court to address Plaintiffs' additional arguments regarding the timeliness of Defendants notice of removal, the Court will do so. Assuming, *arguendo*, that the first time federal jurisdiction was asserted was in the Second Amended Complaint, the Court addresses Plaintiffs' timeliness argument.

Plaintiffs attack Defendants Notice of Removal claiming that even if the Second Amended Complaint did invoke federal question jurisdiction for the first time, reviving Defendants right to removal, that Defendants' notice was not filed within the thirty day deadline of the Second Amended Complaint being served pursuant to 28 U.S.C. § 1446(b).

The Fifth Circuit adheres to the rule that "all served defendants must join in the petition, and since the petition must be submitted within thirty days of service on the first defendant." *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1263 (5th Cir. 1988). The Fifth Circuit has further held that § 1447(c) mandates remand upon a finding of a defect in removal procedure that has been preserved by a motion to remand filed within the thirty day deadline of filing a remand motion asserting a defect in removal procedure. *In re Medscope Marine, Ltd.*, 972 F.2d 107, 109-10 (5th Cir. 1992).

Plaintiffs first attempt to argue that Defendants were served with the Second Amended Complaint on or around November 10, 2009, when Plaintiffs attached it to their motion for leave to amend and mailed it to the Circuit Court Clerk for filing. Plaintiffs therefore assert that the deadline for filing a notice of removal was December 14, 2009. The Court is not persuaded by this argument. Plaintiffs were not granted leave to amend until December 1, 2009. The Court is of the opinion that Defendants were at the very earliest served with the Second Amended Complaint on December 1, 2009 when the Court actually allowed Plaintiffs to amend their

complaint. The Court finds it is an illogical argument that the 30-day "clock" begins to run before permission to file the pleading allegedly giving rise to the basis for removal is even granted.

If the Court were to follow Plaintiffs' line of reasoning, all Defendants would have been required to file and/or join in the Notice of Removal before the Second Amended Complaint, which arguably made the action removable, was even filed. In addition, Tri-State was not a party to the action until December 16, 2009 when the Second Amended Complaint which named it as a defendant, was filed. The Court is unable to require Tri-State to join in the Notice of Removal by December 14, 2009 before it was subject to the jurisdiction of this Court or the Circuit Court. Plaintiffs' argument is unfounded in common sense or law.

The Second Amended Complaint was filed on December 16, 2009 and Defendants, El Paso and TGP filed the Notice of Removal on December 30, 2009. Plaintiffs next argue that Defendants El Paso and TGP were served with the Second Amended Complaint on December 2, 2009, when Plaintiffs put the Complaint in the mail. Defendants rely on the argument that Defendants Holly Springs, El Paso nor TGP were properly served with the Second Amended Complaint and that the thirty day time period did begin to run until Tri-State was served on December 23, 2009. Pursuant to Rule 5(a) of the Mississippi Rules of Civil Procedure[4], the Defendants' arguments are completely mistaken. The Court finds Defendants Holly Springs, El Paso and TGP were served with the Second Amended Complaint on December 2, 2009, and the deadline for filing a notice of removal was January 5, 2010.[5] Defendants El Paso and TGP filed

---

[4] Federal Rules of Civil Procedure Rule 5(b)(2)(C) provides service of a pleading after the original complaint may be obtained by mail and service is complete upon mailing.
[5] Plaintiffs claim the notice of removal deadline was January 2, 2010 however, Plaintiffs apparently failed to take into account the Christmas and New Year's holidays.

the Notice of Removal on December 30, 2009; therefore, the Court finds Defendants' notice of removal was timely.

### 4) *Untimely Joinder*

Having found that the Notice of Removal was timely filed by Defendants El Paso and TGP, the Court must next address whether the remaining Defendants' timely joined the Notice of Removal. As stated earlier, the Court found that Defendants El Paso and Holly Springs were first served with the Second Amended Complaint on December 2, 2009 and the thirty-day removal deadline was January 5, 2010. Defendant Tri-State was not served with the Second Amended Complaint until December 23, 2009. The Notice of Removal was timely filed by El Paso and TGP on December 30, 2009. Defendant Holly Springs joined the Notice of Removal on January 8, 2010 and Defendant Tri-State filed its joinder on January 19, 2010. Plaintiffs filed the present motion to remand on January 27, 2010.

Plaintiffs argue that Defendants Holly Springs and Tri-State were required under to 28 U.S.C. § 1446(b) to join in the Notice of Removal on or before January 5, 2010 and since they failed to do so, the removal is defective and the case must be remanded.

Defendants again rely on the argument that none of the Defendants were properly served until December 23, 2009, when Tri-State was served in person. However, the Court previously addressed this argument, finding that Defendants Holly Springs and El Paso were served on December 2, 2009, pursuant to Rule 5(a) of the Mississippi Rules of Civil Procedure.

The Fifth Circuit adheres to the rule that "all served defendants must join in the petition, and since the petition must be submitted within thirty days of service on the first defendant, all served defendants must join in the petition no later than thirty days from the day on which the first defendant was served." *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254,

1263 (5th Cir. 1988). The Fifth Circuit has found that although it is not necessary that all defendants actually sign the notice of removal, each defendant who has been served must consent, in writing, to the court no later than thirty days from the day on which the first defendant was served. *Getty*, 841 F.2d 1254, 1262-63; 28 U.S.C. § 1446(b).

Defendant Holly Springs was involved in the suit from the initial complaint and therefore, it is subject to the first served defendant rule and the thirty day "clock" began to run on December 2, 2009. Defendant Holly Springs joined the Notice of Removal on January 8, 2010, three days after the thirty-day deadline. As the Court stated earlier, the thirty day deadline ran on January 5, 2010. Therefore, the Court finds Holly Springs' failure to timely join the notice of removal is procedurally defective.

Defendant Tri-State was served with the Second Amended Complaint, which was the first complaint in which Tri-State was named, on December 23, 2009. Tri-State filed its joinder on January 19, 2010. Plaintiffs argue that Defendant Tri-State was required to join in the Notice of Removal by January 5, 2010. Defendants argue that Tri-State was not required to file a notice of removal or join in the notice presently at issue until thirty days after being served with the complaint. Defendants cite *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), in which the United States Supreme Court held removal was timely because the 30 day window for removal could not begin to run "before one is subject to any court's authority." *Murphy*, 526 U.S. at 1330. Defendant Tri-State's joinder was filed within the thirty days of being served with the Second Amended Complaint and therefore, the Court is of the opinion that based on *Murphy*, Tri-State's joinder was timely.

It is not necessary to address the issue of whether Defendant TGP was properly served as it has no bearing on the whether the Notice of Removal was procedurally correct and whether

14

Defendant Holly Springs or Defendant Tri-State timely joined in the Notice of Removal. The Court finds that Defendant Holly Springs failed to timely join in the Notice of Removal filed by Defendants El Paso and TGP, which renders not only the joinder but the Notice of Removal fatally defective. Therefore, Plaintiffs' motion to remand should be granted.

## D. Conclusion

In sum, the Court finds that Plaintiffs' Second Amended Complaint did not so substantially alter the nature of the case as to revive the time for removal. In addition, Defendant Holly Springs' notice of removal was not filed timely, rendering the Notice of Removal procedurally defective. As such, the Court does not possess jurisdiction to adjudicate this cause and the Plaintiffs' motion to remand shall be GRANTED.

A separate order in accordance with this opinion shall issue this day.

This the 2nd day of June, 2010.

_____
Senior Judge